**John van Loben Sels/CA Bar No. 201354**
jvanlobensels@thoits.com
**Anna Iskikian/NY State Bar No. 5875273**
aiskikian@thoits.com
**(pro hac vice application pending)**
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

Attorneys for Tangle Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANGLE INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>ARITZIA, INC.,<br><br>                    Defendant. | Case No.: 3:23-cv-1196<br><br>**COMPLAINT FOR:**<br>     1.  **Copyright Infringement**<br>         **(17 U.S.C. § 501(a))**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TANGLE Inc. hereby alleges as follows against Defendant ARITZIA, INC.:

**INTRODUCTION**

1.      Plaintiff brings this action to protect its federally registered intellectual property rights from infringement by Defendant Aritzia, Inc. ("Defendant").  Defendant trades upon Plaintiff's reputation and goodwill by displaying sculptures that are strikingly similar to Plaintiff's federally registered copyrights (the "TANGLE Copyright Registrations").

2.      Defendant is improperly displaying unauthorized and illegal sculptures (the "Infringing Sculptures") that appear identical to Plaintiff's genuine TANGLE sculptural works (the "TANGLE Sculptures") at Defendant's retail stores.

3.      The Infringing Sculptures embody Plaintiff's copyrights and are identical or at least substantially similar to the TANGLE Sculptures covered by the TANGLE Copyright

1

Registrations.

4.    The Infringing Sculptures are publicly displayed at Defendant's retail stores, in both the United States and Canada. The Infringing Sculptures have and continue to be broadcast on public social media accounts, including, without limitation, Tik Tok.

5.    As a result of Defendant's actions, Plaintiff has been and continues to be deprived of its exclusive right to reproduce the sculptural works covered by the TANGLE Copyright Registrations, as well as Plaintiff's exclusive right to display the copyrighted TANGLE Sculptures publicly. Plaintiff seeks monetary relief to compensate it for the immense losses suffered due to Defendant's infringement.

## THE PARTIES

6.    Plaintiff TANGLE INC. ("Tangle Inc.") is a corporation incorporated under the laws of California, with its headquarters located within this district.  Plaintiff is the registered owner of the TANGLE Copyright Registrations, which are covered by U.S. Copyright Office Registrations No. VA 120-368, VA 1-232-933, VA 1-271-045, VAu 35-392, VAu 35-391, VAu 35-390, VAu 35-389, VAu 35-388, VAu 35-387. The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal copyright registration certificates for the TANGLE Copyright Registrations are attached hereto as **Exhibit 1**.

7.    Plaintiff is a leading toy manufacturer and distributor, and has earned an international reputation for quality, reliability and value.  Plaintiff is credited for many breakthroughs that have occurred in the toy industry, including the TANGLE products.

11.    Defendant Aritzia, Inc. ("Defendant") is a Canadian corporation with its principal place of business located in Vancouver, British Columbia, Canada.

12.    On information and belief, Defendant is a retailer of lifestyle apparel, which Defendant offers for sale and sells through various upscale retail stores across Canada and the United states and online.

## PERSONAL AND SUBJECT MATTER JURISDICTION

13.    This Court has personal jurisdiction over Defendant, in that Plaintiff is informed and believes that Defendant conducts significant business in California and in this judicial

COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

THOITS LAW
A PROFESIONAL CORPORATION

district, and the acts and events giving rise to this lawsuit of which Defendant stands accused were undertaken in California and in this judicial district.

14.     Defendant regularly conducts, transacts and solicits business in California and in this judicial district, and derives substantial revenues from business transactions in California and in this judicial district and/or otherwise avails itself of the privileges and protections of the laws of the State of California such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and Defendant's illegal  infringing actions caused injury to Plaintiff in California and in this judicial district such that Defendant should reasonably expect such actions to have consequences in California and this judicial district.

15.     Defendant has shipped into and displayed the Infringing Sculptures within this judicial district. The Infringing Sculptures are displayed at multiple retail stores operated by Defendant in California and in this judicial district. Exemplary photographs of Defendant's retail stores located in California and in this judicial district and featuring the Infringing Sculptures are attached as **Exhibit 2**.

16.     This Court has original subject matter jurisdiction over this action pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

## **VENUE**

17.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant has committed acts of copyright infringement in this judicial district, a substantial part of the events giving rise to the claims asserted in this action occurred in this judicial district, Defendant does substantial business in the judicial district, and Plaintiff resides in this judicial district.

COMPLAINT

**THE TANGLE SCULPTURES**

18.    Plaintiff is the official source of TANGLE products in the United States, which include the following:



19.    Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the TANGLE Products, including without limitation copyrights covered by the TANGLE Copyright Registrations attached as Exhibit 1. The sculptural works covered by the TANGLE Copyright Registrations were created by Plaintiff's founder, Richard X Zawitz. Plaintiff owns

4

THOITS LAW
A PROFESIONAL CORPORATION

the TANGLE Copyright Registrations by assignment from Mr. Zawitz. Exemplary images from one of the TANGLE Copyright Registrations are as follows:



20.    Since at least 1981, Plaintiff has marketed and sold products under the TANGLE brand, and due to substantial and continuous advertising, promotion, and sales, the TANGLE brand has developed considerable goodwill and reputation throughout the United States and abroad.

21.    In addition to the TANGLE branded products, Plaintiff has also sold and marketed the TANGLE Sculptures, as follows:



COMPLAINT



22.     Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TANGLE Sculptures. Plaintiff's promotional efforts include — by way of example but not limitation — substantial print media, numerous art gallery exhibitions, the TANGLE Products' website and social media sites, and point of sale materials.

23.     In the last forty years, Plaintiff and Mr. Zawitz have been commissioned to produce sculptural works embodying the TANGLE Copyright Registrations on numerous occasions, including by fashion powerhouses such as J.W. Anderson and Vogue Italia, among others. Exemplary images of Plaintiff's and Mr. Zawitz's commissioned sculptural works, as well as international media recognition thereof, are included immediately below:

COMPLAINT







COMPLAINT

**<u>DEFENDANT'S UNLAWFUL CONDUCT</u>**

24.     The success of the TANGLE Products has resulted in significant copyright infringement

25.     Defendant has been displaying and continues to display the Infringing Sculptures at Defendant's retail stores in the United States and Canada. Exemplary photographs of Defendant's retail stores displaying the Infringing Sculptures in this judicial district are attached as **Exhibit 2**. Further, exemplary photographs of Defendant's retail stores throughout the United States and Canada is attached as **Exhibit 3** and as follows:





COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

26. Defendant's unauthorized public display of the Infringing Sculptures extends beyond the display windows of Defendant's retail stores. The Infringing Sculptures have also been featured digitally, including on multiple public social media accounts. A true and correct copy of a Tik Tok reel featuring the Infringing Sculpture is attached as **Exhibit 4**.

27. The Infringing Sculptures are identical, or at least strikingly similar, to the TANGLE Sculptures, and each Infringing Sculpture embodies one or more of the TANGLE Copyright Registrations in its entirety.

28. The Infringing Sculptures are identical to the TANGLE Sculptures in several respects. For example, the Infringing Sculptures are made of interlocking, 90-degree curved pieces, each of which can be twisted and bent into a multitude of poses. Like the genuine TANGLE Sculptures, most of the Infringing Sculptures consist of eighteen (18) such interlocking constituent pieces. Additionally, the bright pink color and chrome finish is identical to the chrome pink color utilized by Plaintiff for the TANGLE Palm Metallic Pink, reproduced immediately below:

   

29. The striking similarities between the Infringing Sculptures and the TANGLE Sculptures indicate that Defendant committed its infringing acts deliberately, willfully, and maliciously, without regard to Plaintiff's proprietary rights in the TANGLE Copyright Registrations.

30. Additionally, Plaintiff has learned that the Infringing Sculptures are part of

9

Defendant's Spring 2023 marketing campaign. During a visit to one of Defendant's retail stores in Los Angeles, California, a representative of Plaintiff viewed a marketing plan video ("Marketing Plan Video") whereby Defendant's creative director instructed Defendant's retail store employees to assemble the eighteen-part Infringing Sculptures so that it may be featured at the window display of Defendant's retail stores. The Marketing Plan Video utilized portions of Plaintiff's tagline regarding "possibility, flexibility, and multiple viewpoints", which it explained are made possible by the Infringing Sculpture's eighteen constituent parts.

31.    The instructions communicated on the Marketing Plan Video, the use of the tagline, and the specific mention of the 18 constituent parts further demonstrates Defendant's willfulness in producing unauthorized copies of the TANGLE Sculptures, as well as Defendant's presumptive knowledge of the existence of the TANGLE Sculptures and the TANGLE Copyright Registrations. A true and correct screenshot of the Marketing Plan Video is attached as **Exhibit 5**.

32.    Plaintiff has not licensed or authorized Defendant to use the TANGLE Copyright Registrations.

33.    Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the TANGLE Copyright Registrations in connection with the display of the Infringing Sculptures at Defendant's retail stores and digitally via public social media accounts.

## FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 101, et seq.)

34.    Plaintiff repeats and incorporates by reference herein its allegations contained in Paragraphs 1-32 of this Complaint.

35.    Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the

10

TANGLE products, including without limitation copyrights covered by the TANGLE Copyright Registrations.

36.     Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the TANGLE copyrights without Plaintiff's permission.

37.     Defendant had access to the TANGLE Sculptures incorporating Plaintiff's registered copyrights before Defendant produced and displayed the Infringing Sculptures.

38.     Upon information and belief, Defendant has directly copied Plaintiff's copyrights for the TANGLE Sculptures. Alternatively, the Infringing Sculptures are strikingly similar, or at the very least substantially similar, to Plaintiff's copyrights for the TANGLE Sculptures and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and public display of Plaintiff's copyrights for the TANGLE Sculptures.

*Exemplary Picture of Plaintiff's Copyright*



11

COMPLAINT

*Exemplar of Infringing Sculpture Featured at Defendant's Retail Store*



39.     Defendant's exploitation of Plaintiff's copyrights for the TANGLE Sculptures constitutes infringement of Plaintiff's copyrights for the TANGLE Sculptures.

40.     On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff made and distributed in the United States, including this judicial district, caused to be made and distributed in the United States, including this judicial district, and aided, abetted, contributed to, and participated in the unauthorized making, distribution, and public display of the Infringing Sculptures.

41.     Defendant either knew, or should have reasonably known, that Plaintiff's TANGLE Sculptures were protected by copyright and its representations infringed on

12

Plaintiff's copyrights. Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted TANGLE Sculptures.

42. On information and belief, Defendant's marketing campaigns function to attract a larger number of customers to Defendant's retail stores, thereby increasing Defendant's sales and profits. As such, on information and belief, the Infringing Sculptures, as part of Defendant's Spring 2023 marketing campaign, have served an instrumental role in attracting a larger number of customers to Defendant's retail stores and increasing Defendant's sales and profits.

43. As a direct and proximate result of its wrongful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

44. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendant from Defendant's wrongful acts, pursuant to 17 U.S.C. § 504(b). Defendant should be required to account for all gains, profits, and advantages derived by Defendant from its acts of infringement.

45. In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

46. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendant account for and pay Plaintiff's actual damages and any and all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, in an amount to be determined at trial for copyright infringement under 17 U.S.C. § 501(a);

2. In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000

13

COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement;

5.      That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

6.      Award any and all other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: March 15, 2023                      **THOITS LAW**

By:          *s/ John van Loben Sels*
               **John van Loben Sels**
               **Attorneys for Tangle Inc.**

**THOITS LAW**
A PROFESIONAL CORPORATION

14

COMPLAINT