United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TANGLE INC.,

        Plaintiff,

    v.

ARITZIA LP, et al.,

        Defendants.

Case No. 23-cv-01196-JSW   (KAW)

**ORDER RE 1/26/2026 DISCOVERY LETTER**

Re: Dkt. No. 121

[Discovery Letter No. 3]

Plaintiff Tangle Inc. filed the instant case against Defendant Aritzia LP and United States of Aritzia, Inc., asserting that Defendants infringed on Plaintiff's copyrights of sculptures by displaying infringing sculptures in their storefronts.  (Discovery Letter at 2, Dkt. No. 121.)  On January 26, 2026, the parties filed a discovery letter concerning Defendants' responses to Plaintiff's Requests for Production ("RFPs").[1]

A.    **RFP No. 13: Weekly Store-Level Sales**

Plaintiff seeks weekly sales, broken down at a store level, for 2022 to 2024.  (Discovery Letter at 2.)  Plaintiff argues that "[w]indow displays are designed to promote goods and draw customers into stores, thereby raising retail sales and profits."  (*Id.*)  Thus, such data goes to indirect damages, namely "'[p]rofits indirectly gained from infringements used in promotional efforts, as is the case here[.]'" (*Id.* (quoting *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004)).)  To date, Defendants have produced quarterly data at the chain level for 2022

---

[1] The Court notes that the footnote size is again improper.  (*See* N.D. Cal. Civil Local Rule 3-4(c)(2) (requiring that all written text, including footnotes, be in 12-point type or larger).)  In its prior discovery order, the Court warned that "[g]oing forward, the Court will not consider any non-compliant footnotes."  (Dkt. No. 114 at 1. n.1.)  Thus, the Court did not review and will not address any of the footnotes.

and 2023.  (*Id.*)

In arguing that Plaintiff is not entitled to weekly sales, broken down at a store level, Defendants argue that Plaintiff has not established that Defendants' clothing sales were in fact affected by the presence of the sculptures in Defendants' store fronts.  (Discovery Letter at 3-4.) In support, Defendant points to *Polar Bear Products*, which found that a plaintiff must proffer evidence of profits generated as a result of infringement in order to recover indirect profits.  (*Id.* at 4 (citing 384 F.3d at 711).)  *Polar Bear Products*, however, did not concern discovery, let alone require that a plaintiff proffer evidence of profits generated as a result of infringement in order to *obtain* discovery.  In short, Defendants argue that Plaintiff must produce evidence of indirect profits in order to obtain the evidence needed to prove indirect profits.  This is not the law. Rather, Plaintiff has articulated a reasonable theory of why the display of sculptures would affect sales, namely by promoting Defendants' goods and drawing customers into the store, thus affecting sales.

Defendants also argue generally that discovery of weekly sales, broken down on a store-by-store basis, is overly broad and unduly burdensome.  (Discovery Letter at 5.)  Plaintiff, however, explains that weekly data and store-level data is required "because displays went up and came down at different times in different stores."  (*Id.* at 2.)  Quarterly data at the chain level, in contrast, will capture sales where the displays were not up, allowing Defendants' experts to challenge causation.  (*Id.*)  Defendants do not dispute these points.  The Court further notes that the actual burden of producing such data does not appear significant, as Defendants' 30(b)(6) witness testified that pulling store-level sales data would "come up in the ordinary course of business" and could be pulled up "quickly."  (Discovery Letter at 2.)

Defendants further argue that Plaintiff's requested time frame from 2022 to 2024 is overbroad given that the alleged infringement occurred over a nine-week period.  (Discovery Letter at 4.)  Plaintiff, however, explains that it seeks the broader period to help demonstrate year-over-year changes.  (Discovery Letter at 1.)  It is not unreasonable to compare sales data from similar time periods, as this may account for any seasonal changes in consumer habits.

Accordingly, the Court ORDERS Defendants to produce weekly sales data, broken down

United States District Court
Northern District of California

at the individual store level, for 2022 to 2024 within **ten days** of the date of this order.

B.    RFP Nos. 14-18: "Artistic License" Information

Plaintiff seeks contracts, communications, and other expenditures related to Defendants' "Artistic License" series, a program in which Defendants collaborate with artists to feature them in stores. (Discovery Letter at 5.) These collaborations include displaying the artists' work in Defendants' store windows, as well as licensing works for use on shopping bags. (*Id.*) Defendants have provided the contracts and other responsive documents related to its collaborations with the only two artists it worked with for window displays in the Artistic License series. (*Id.* at 6.) Plaintiff, however, asserts that it is entitled to all materials related to all Artistic License series. (*Id.* at 5.)

Plaintiff argues that information related to these Artist License series go to calculating a "hypothetical license," but fails to explain why Plaintiff requires information beyond what was provided by Defendants -- *i.e.*, the collaborations that involved window displays, the same behavior at issue in this case. While Plaintiff states that it has entered into collaborations with another company for use of its copyrighted sculpture on the handle of handbags, Plaintiff does not suggest that Defendants used Plaintiff's copyrighted materials in the same way or for use on shopping bags. (*See* Discovery Letter at 5.) Rather, Defendants appear to have provided the requested information for the collaborations that are similar to that at issue in this case.

Accordingly, no further production is required.

This order disposes of Dkt. No. 121.

IT IS SO ORDERED.

Dated: February 6, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3